Mayer v. Appel.

---

# FRANK MAYER
## v.
## HENRY APPEL.

1. BASIS FOR INTRODUCTION OF IMPEACHING EVIDENCE.—The rules of evidence do not require as a basis for the introduction of impeaching testimony that the time of the antecedent conversation be fixed with absolute precision. If the attention of the witness has been directed to dates and the attendant circumstances, with a reasonable degree of certainty, so as to afford him an opportunity to refresh his recollection, it is sufficient.

2. THE SAME.—Where the place was specifically named, the persons in whose presence the declarations were made, the time as being about August,

1882.   *Held*, that this must be regarded as reasonably sufficient to have directed the attention of the witness to the occasion and to the conversation in respect to which he was being interrogated.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.    Opinion filed June 27, 1883.

Messrs. HYNES, ENGLISH & DUNNE, for appellant; that in laying the foundation for impeaching a witness, a reasonable certainty as to the time and place, is sufficient; cited 1 Wharton on Evidence, § 555: Higgins v. Carleton, 28 Md. 138; Bennett v. O'Byrne, 23 Ind. 605; 1 Greenleaf on Ev. § 462.

The *precise* date need not be indicated: Pendleton v. Empire S. D. Co. 19 N. Y. 18; State v. Hoyt, 13 Minn. 143; Dillon v. Bell, 9 Ind. 321; Lawler v. McPheters, 73 Ind. 577; Nelson v. Iverson, 24 Ala. 9; Mather v. State, 33 Ga. 30; Everson v. Carpenter, 17 Wendell, 421; Miner v. Phillips, 42 Ill. 131.

As to improper remarks by the court in the presence of the jury: Andreas v. Ketcham, 77 Ill. 377; Skelly v. Boland, 78 Ill. 438.

Mr. G. W. PLUMMER, for appellee; cited C. B. & Q. R. R. Co. v. Lee, 60 Ill. 501; Craig v. Rohrer, 63 Ill. 325.

As to instructions: Esty v. Snyder, 41 Ill. 363; T. W. & W. R'y Co. v. Ingraham, 77 Ill. 309; Clevenger v. Curry, 81 Ill. 432; Aurora v. Gillett, 56 Ill. 132.

WILSON, J.   This was assumpsit brought by appellee Appel to recover from appellant the profit he claims he would have made on an alleged verbal contract between the parties for furnishing the brick, and doing the mason work on a brick building for appellant, but which he was prevented from making by the refusal of appellant to carry out the contract. The case was tried by a jury, resulting in a verdict for the plaintiff for $800, for which sum the court rendered judgment and the defendant appealed to this court.

The principal contention on the trial was as to whether or not any contract was made.

Mayer v. Appel.

The testimony was conflicting.  It appears that plans and specifications for the building had been prepared by one Stripplemann, an architect, who was authorized by appellant to advertise for bids for the work, which he did.  Appellee was the lowest bidder for the mason work.  It was claimed by appellee that after the bids were opened, his bid was accepted, and a contract was entered into between him and appellant for the mason work; and he introduced the testimony of Stripplemann and himself, tending to support such claim.  On the other hand appellant claimed, and offered testimony tending to show that no contract was in fact ever concluded.

Stripplemann, who, aside from the parties to the suit, was the principal witness as to the making of the contract, testified that appellant authorized him to make a contract with the appellee for the mason work at a certain figure, and that he made such contract; that he reduced the contract to writing, and had appellee sign it, but that it was never signed by appellant.

As a basis for the introduction of impeaching testimony he was asked on cross-examination and answered as follows:

Q.  Do you remember, Mr. Stripplemann, last summer in August, about August, when this case was on call before, July or August, during last summer (1882) or some time early in the fall; do you remember being in the office of Mr. Mayer, going over about this trial, and he talking with you about it?

A.  I might accidentally have dropped in there; I don't know.

Q.  Don't you remember his calling you there—sending for you?

A.  It might be so.

Q.  You remember being in his office at that time?

A.  I couldn't fully; I have been there ten times the last year.

Q.  I mean about the time you (I) speak of?

A.  I have no recollection of that now.

Q.  Well, did you not state there to Mr. Mayer, in the presence of his son and the bookkeeper, that you never made any contract?

A.  I did not say anything of the kind.

Q. What kind?

A. That I didn't make a contract with Appel.

Q. Did you not state then to Mr. Mayer, in the presence of his son and the bookkeeper, that you never made any contract with Mr. Appel, either verbal or otherwise, and that you never had any authority to make any contract?

A. I told Mr. Mayer that I did not consider it a contract, because his name was not affixed to it; that was what I told him.

After the close of the plaintiff's case, appellant offered to prove by his son and by William Hobstein, his bookkeeper, that they were present during a conversation between appellant and Stripplemann, in appellant's office about August, 1882, about the time the case was on the call before, and that Stripplemann then and there stated to appellant in their presence, that he never made any contract, verbal or otherwise, with appellee, and that he never had any authority to make any contract with him.

The learned judge being of opinion that the time had not been sufficiently fixed, rejected the evidence, and the defendant excepted. Appellant Mayer also testified that he was present on the occasion referred to in the question put to his son and bookkeeper, and took part in the conversation, but the court, for the same reason stated before, refused to allow him to state what was said by Stripplemann.

In these rulings, we think the court erred. The rules of evidence do not require as a basis for the introduction of impeaching testimony, that the time of the antecedent conversation be fixed with absolute precision. If the attention of the witness has been directed to dates and the attendant circumstances, with a reasonable degree of certainty, so as to afford him an opportunity to refresh his recollection, it is sufficient: 1 Whart. Ev. § 555; Higgins v. Carlton, 28 Md. 128. In Bennett v. O'Byrne, 23 Ind. 605, it is said: "The rule on this subject is a practical one, and is founded upon clear principles of common sense. The exact time of a conversation is often impossible to fix, and to require it would be to cut off all opportunity of impeachment."

In Nelson v. Iverson, 24 Ala. 9, where the witness was asked if he had not held a certain conversation " in the spring " several years before, while the conversation in fact took place in February, the court said, " The rule is, however, satisfied when the attention of the witness is called with reasonable certainty to the subject of the previous declarations.   Giving to the rule a practical common sense interpretation, we do not entertain a doubt that it has been substantially complied with in the case before us.   The declaration, the person to whom, and the place at which it was made are particularly given, and they are stated to have been made in the spring of 1830."

In the present case the place was specifically named, the person in whose presence the declarations were made, the time as being about August, 1882, when the case was on the previous call.   This must be regarded as reasonably sufficient to have directed the attention of the witness to the occasion, and to the conversation in respect to which he was being interrogated, and it laid a proper foundation for impeaching testimony.

For the reasons stated the judgment of the court below must be reversed and the cause remanded for a new trial.

Judgment accordingly.